FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

APR 9 2019

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

_prince Torres_____

Petitioner

V.

I.C.E  (Immigration).

Respondent

CASE: # PX-19-1054

PETITION FOR WRIT OF

HABEAS CORPUS PURSUANT

TO 28 U.S.C    2241

1. Petitioner ____prince Torres_____ petitions this court a writ of habeas corpus to remedy Petitioner's indefinite detention by respondents.

## JURISDICTION

2. This action arises under the constitution of the United States, and the Immigration and nationality Act ("INA"), 8U.S.C. 1101 et seg,, as amended by the illegal immigration reform and immigrant responsibility act of 1996 ("IIRIRA"),Pub.L. NO.104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C.   701 et seg.

3. This court has jurisdiction under 28 U.S.C.   2241; art. I  9, cl.2 of the United states Constitution ("Suspension clause"); and 28 U.S.C.   1331, AS Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, law, or treaties of the United States. This court may grant relief pursuant to 28 U.S.C.    2241, 5 U.S.C.  702, and the ALL WRIT Act, 28 U.S.C.  1651

4. Petitioner has exhausted any and all administrative remedies to the extent required by law.

## VENUE

5. Pursuant to <u>Braden v. 30th Judicial Circuit Court of Kentucky</u> ,410 U.S. 484, 493-500(1973),venue lies in the United States District Court for the Maryland ,the judicial district in which Petitioner resides.

## PARTIES

6. Petitioner is a native and citizen of __Liberia_____ .Petitioner was taken into ICE custody on 09/10/2018 ,

7. Respondent _william Barr_____is the Attorney General of the United States, and is respondent for the immigration & Naturalization Act (INA) .as such, has ultimate custodial authority over Petitioner.

8. Respondent  Donna Bounds Warden of immigration detention facility is also a legal custodian of Petitioner

## FACTUAL ALLEGATIONS

9. Petitioner Prince Torres   was born in Liberia.

10. Petitioner entered the united states on or about 9/09/2009

11. Petitioner immigration history is as follows :Green card_____

12. Petitioner criminal history is as follows :_Drug possession ,Human trifficking Take curse_____

13. Petitioner received a document titled 'Decision to continue detention" from the ICE on or about 01/05/2019_____ .Petitioner received a second "decision to continue detention "from the ICE on or about _04-05-2019_

14. Petitioner has cooperated fully with of ICE's efforts to remove petitioner .Petitioner has cooperated with ICE in following ways :_call the embassy, finger print,anything need to be done_____

15. Nonetheless, ICE has been unable to remove Petitioner from the United states .ICE is unlikely to be able remove petitioner because :__I don't know_no travel document_

## LEGAL FRAMEWORK

16. In Zadvydas v. Davis, the Supreme Court held that the immigration statute 8 U.S.C.   1231 (a)(6)does not allow ICE to detain a noncitizen indefinitely while

attempting to carry out removal .533 U.S.678,689(2001).Because of the "serious constitutional problem "posed by indefinite detention, the court read the statute to limit a noncitizen's detention to "a period reasonably necessary to bring about that alien's removal from the united states ."Id.

17. The court also recognized six month as the "presumptively reasonable period "of post-removal order detention. Id. at 701. After six months, once the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonable foreseeable future, "the burden shifts to the movement to rebut that showing. Id. Makeover, "as the period of prior post removal confinement grows, what counts as the 'reasonably foreseeable future 'conversely would have to shrink." Id.

18. In Clark v. Martinez, the Supreme Court held that its ruling in Zadvydas applies equally to noncitizens who have never been admitted to the United States. 543 U.S.371 (2005).

## CLAIM FOR RELIEF

19. The foregoing allegations are re-alleged and incorporated herein.

20.    Petitioner's continued detention is unlawful and violates 8 U.S.C.   1231(a)(6) as interpreted by the Supreme Court in Zadvydas. The six month presumptively reasonable period of detention has expired and petitioner has provided good reason to believe that his or her removal is not significantly likely to occur in the reasonable foreseeable future. Therefore, respondents lack authority to continue detaining petitioner.

## PRAYER FOR RELIEF

21. WHEREFORE, petitioner respectfully requests that the Court grant the following relief:

a.    Assume jurisdiction over this matter;

b.    Issue an order pursuant to 28 U.S.C.   2243 directing respondents to show cause why the writ of habeas corpus should not be granted;

c. Grant the writ of habeas corpus and order Petitioner's immediate release from custody;

d. Award petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C.   504 and 28 U.S.C.   2412, and on any other basis justified under law; and

e. Grant any other and further relief as the Court deems just and proper.

_Prince Torres_____

03/31/2019_____          Date executed

Petitioner

_____

_____

_____

foreseeable future." **See Zhou v Farquharson**, 2001 U.S. Dist. LEXIS 18239, *2-*3 (D.
**Mass. Oct. 19, 2001)**(quoting and summarizing **Zadvydas).** Moreover, "for detention
to remain reasonable, as the period of prior post-removal confinement grows, what
count as the "reasonable foreseeable future' conversely would have to shrink."
**Zadvydaz, 522 U.S. at 701.** ICE administrative regulation also recognize that the
**HQPDU** has a six-month period for determining whether there is a significant
likelihood of an alien's removal in the reasonably foreseeable future **See 8 C.F.R.
214.4(K) (2) (ii).** Evidence showing successful repatriation of other persons to the
country at issue is not sufficient to meet the government's burden to establish
that an alien petitioner will be deported within the reasonably foreseeable
future, **See Thompson v. INS,** 2002 U.S. Dist. LEXIS 23936 (E.D. La. September 16,
**2002)** (government failed to show that alien's deportation to Liberia was reasonably
foreseeable where the government offered historical statistics of repatriation to
Liberia, but failed to show any response from Liberia, on the application for travel
document that INS and the petitioner had request). Rather, for the government to
meet its burden of showing that an alien's repatriation is reasonably foreseeable, it
must provide some meaningful evidence particular to the individual Petitioner's
case.

14. An alien's who has been detained beyond the presumptive six month should be
release where the government is unable to present documented confirmation that
the Foreign government at issue will agree to accept the particular individual in
question. **See Agbada v. John Ashcroft,** 2002 U.S Dist. LEXIS 15797 (D. Mass.
**August 22, 2002)**(court "will likely grant" habeas Petition after fourteen month if ICE
"is unable to present document confirmation that the Nigerian government has
agreed to [petitioner's]Repatriation"); **Zhou,** 2001 U.S Dist. LEXIS 18239 (ordering

that the Writ of Habeas Corpus issue within 60 day, giving petitioner's 13 month detention and the INS's Inability to assure the court that the paperwork from China was on its way); **Abdu v Ashcroft,** 2002 U.S. Dist. LEXIS 19050 at *7 (W.D. Wash. February, 2002)(government's failure to offer specific information regarding how or when it expected to obtain the necessary documentation or cooperation from foreign government indicated that there was no significant likelihood of petitioner's removal in the **reasonably foreseeable future.**)

## CLAIMS FOR RELIEF

### COUNT 1 – VIOLATION OF 8 U.S.C.   1231(a)(6)

15. The foregoing allegations are re-alleged and incorporated herein.
16. Petitioner's removal is not reasonably foreseeable; Petitioner's continued detention by the Respondent violates **8 U.S.C.   1231(a)(6)**, as interpreted in **Zadvydas.** Petitioner's six month presumptively reasonable period for continue removal effort passed more than a month ago. For the reasons outlined above, Petitioner's removal to Burma is not reasonably foreseeable. The Supreme Court held in **Zadvydas** that the continued detention of someone after six months where deportation in not reasonably foreseeable is unreasonable and in violation of **8 U.S.C.   1231(a).**533 U.S. at 701.

### COUNT 2 – VIOLATION OF SUBSTANTATIVE DUE PROCESS
### (FIFTH AMENDMENT)

17. The foregoing allegation are re-alleged and incorporated herein.

18. Petitioner's continued detention violation hos right to substantive due process by depriving him of core liberty interest to be free from bodily restraint. **See, e.g., Tam v. INS, 14 F .Supp.2d 1184 (E.D. Cal 1998)**(aliens retain substantive due process right). The Due Process Clause requires that the deprivation of petitioner's liberty be narrowly tailored to serve a compelling government interest. **See Reno v. Flore, 507 U.S. 292,301-02(1993).** While the respondents would have a compelling government interest in detaining petitioner in order to effect his deportation, that interest does not exist if petitioner cannot be deported. The Supreme Court in **Zadvydas** thus interpreted **8 U.S.C.   1231 (a)**  to allow continued detention only for a period reasonably necessary to secure the alien's removal because any other reading would go beyond the government's articulated interest – to effect alien's removal. **See Kay v. Reno,** 94 F. Supp.2d 546,551 (M. D. Pa. 200)(granting writ of habeas corpus because petitioner's substantive due process right were violation, and nothing that "if deportation can never occur, the government's primary legitimate purpose in detention – executing removal – is nonsensical').

## COUNT 3 – PROCEDURAL DUE PROCESS VIOLATION
## (FIFTH AMENDMENT)

19.   The foregoing allegations are re-alleged and incorporated herein.

20. Under the Due Process Clause of The United States Constitution, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. The petitioner in this case has been denied that opportunity as there is no administrative mechanism in place for the petitioner to demand s decision, ensure that a decision will ever be made, or appeal a custody decision that violates **Zadvydas.**

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays that this court grant the following relief:

1) Assume jurisdiction over this matter;

2) Grant Petitioner a write of writ of habeas corpus directing the Respondents to
   immediately release the petitioner from custody, under reasonable conditions of
   supervision.

3) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act
   ("EAJA"), **as amended,** **5 U.S.C.    504** and **28 U.S.C.    2414,** and on any other basis
   justified under law; and.

4) Grant any other and further relief that this Court deems just and proper.


I affirm, under penalty of perjury, that the foregoing is true and correct.

Respectfully submitted this day of _____.


Sincerely Yours,


_____.

Prince Quiwonkpa Torres .

## Certificate of Service

I, Prince Torres, certify that a true copy of the above document (Petition for Writ of Habeas Corpus) together with attached documents was served on

date04/01/2019_____,

Upon the following:

U.S. Department of Homeland Security

Immigration and Customs Enforcement

801 I street, N.W., Suite 900

Washington, DC. 20563

UNITED STATES DICTRICT COURT

DISTRICT OF MARYLAND

Prince Torres

A# 060233829_____

HABEAS

           Petitioner

      V.

I.C.E (Immigration).

Warden/Superintendent of

Immigration detention

       Respondent

CASE NO: _____

PETITION FOR WRIT OF

CORPUS PURSUANT TO 28

U.S.C.   2241

## **BACKGROUND**

1. Respondent has unlawfully held Petitioner prince Quiwonkpa Torres in

   immigration detention from 04/05/2018 to present, even though the federal

   government has no reasonable foreseeable ability to remove him from the United

   States.

## **PARTIES**

2. Petitioner Prince Torres detained by the United States Department of Homeland Security ("DHS") on 04/01/2019. He remains in immigration custody at Worcester county jail, snow hill, Maryland.

3. Respondent Donna Bounds is the superintendent/warden of the jail that Petitioner is detained at and Petitioner's immediate custodian. She/he is sued in their official capacity.

## JURISDICTION

1. 4. This action arises under the Constitution of the united states, **28 U.S.C   2241 (c) (1),** and the immigration and Nationality Act, as amended (**"INA", 8 U.S.C.  1101 <u>et seq.</u>** This Court has subject Matter jurisdiction under **28 U.S.C.   2241, Art. I 9, CL. 2** of the United States Constitution (**"suspension clause")**, and 28 **U.S.C.  1331,** as the Petitioner is presently in custody under color of the authority of the United States, and such custody is in the violation of the Constitution, law, or treaties of the United States. <u>**See Zadvydas V. Davis,**</u> **533 U.S. 678, 688 (2001)** ("We conclude that   **2241** habeas corpus Proceeding remains available as a forum for statutory and constitutional challenges to Post-removal period detention."); <u>**INS V. St. Cyr,**</u> **533 U.S. 289, 301 (2001)**("at its historical core, the writ of habeas corpus has served as a means of reviewing the legality of executive detention, and it is in the context that its protections have been strongest."); <u>**Clark v. Martinez,**</u> **543 U.S 371 (2005)**(holding that <u>**Zadvydas**</u> applies to aliens found inadmissible as well as removable).

## **VENUE**

5.  Venue lies in the District of Maryland because petitioner is currently detained in
    the territorial of this Court, at Worcester county jail, snow hill. Maryland. In and a
    substantial part of the events or omissions giving rise to his claims occurred in here
    **28 U.S.C.  1391, 2241.**

## **EXHAUSTION OF REMEDIES**

**6.**  Petitioner has exhausted his administrative remedies to the extent required by law,
    and his only remedy is by way of this judicial action. After the Supreme Court
    decision in **Zadvydas** the Department of Justice issued regulations governing the
    custody of aliens ordered removed. **See 8c.f.r 241.4.** Petitioner received final order
    of removal on **10/05/2018** and been taken into custody on **09/10/2018.**There was
    no likelihood of the government obtaining travel documents to his Burma the
    country of removal, Petitioner was subsequently taken into custody on **09/10/2018**
    and has been detained since despite the government not having obtained travel
    documents for his removal and his removal not being significantly likely in the near
    future.

7.  No statutory exhaustion requirements apply to petitioner's claim of unlawful
    detention.

## **STATEMENT OF FACTS**

3

8. Petitioner, Mr. Prince Torres   was born on 08/16/1991 in Kakata Margibi County, Liberia.

9. Petitioner came to United States on 09/09/2009.

10. Around 10/05/2018, DHS initiated proceedings to remove Mr. Prince Torres from the United States. DHS charged Petitioner with removability for Human Trafficking/Drug Possession_____

11. On 10/05/2018, an immigration judge in Maryland issued a final order of removal to Liberia.

12. Petitioner has been in ICE detention over 6 month despite there being no significant likelihood of his removal to Liberia, in the future. ICE unable to effectuate removal petitioner. ICE cannot hold petitioner in detention without being able remove him.

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

13. In **Zadvydas,** the Supreme Court held that 8 U.S.C.   1231 (a) (6), when "read in light of the constitution's demands, limits an alien's post-removal-period Detention to a period reasonably necessary to bring about that alien's removal from the United States. " **533 U.S. at 689. A**" habeas court must [first] ask whether the detention in question exceeds a period reasonably necessary to secure removal. **Id. at 699.** If the individual's Removal "is not reasonably foreseeable, the court should hold continuous detention unreasonable and no longer authorized by statute. "**Id.at 699-700.** In determining the length of a reasonable removal period, the Court adopted a "presumptively reasonable period of detention" of six month. Id. at 701. After six month, the government bears the burden of disproving an alien's "good reason to believe that there is no significant likelihood of removal in the reasonably

4